THE HARMONY SOCIETY *v.* CITY OF LOUISVILLE.

THE KENTUCKY CLUB *v.* THE SAME.

**Municipal Corporations—Ordinances Must be Authorized by Charter—Specific Tax.**

In the imposition of a specific tax the city authorities must pursue, strictly, the grant of power under which they act, and as uniformity and equality of taxation, whether it be general or local, is one of the fundamental principles of our system of government, that rule in no case should be disregarded.

APPEAL FROM LOUISVILLE CITY COURT.

June 23, 1871.

OPINION BY JUDGE LINDSAY:

The general council of the City of Louisville, by an ordinance approved July 23, 1870, ordained:

First: "That every club house and club room, and every place of resort generally known as such, wherein malt, fermented, vinous or spiritous liquors are sold by retail, within the City of Louisville shall pay a license of $200 per annum. Provided that this ordinance shall not apply to any *religious,* charitable or literary institution, or association of any kind whatever, whether taxed otherwise or not."

Second: "Any person violating any of the provisions of this ordinance shall be fined for each offense not less than $20, more than $50. For a violation of this municipal regulation the "Harmony Society" and the "Kentucky Club," both chartered institutions were proceeded against in the Louisville city court, and from the judgments of that tribunal imposing in each prosecution a fine of twenty-five dollars, this joint appeal has been prosecuted. Section 96 of the charter of 1870 authorizes and requires the general council by ordinance to exact and annul license of not less than fifty nor more than one thousand dollars, from each club room in the city *in which malt, fermented, vinous, or spiritous liquors are sold by retail.*

In the imposition of this specific tax, the city authorities must pursue strictly the grant of power under which they act, and as uniformity and equality of taxation whether it be general or

local, is one of the fundamental principles of our system of government, that rule should be in no case be disregarded.

The licenses if exacted at all, must be exacted from all club rooms, wherever malt, fermented, vinous or spiritous liquors are retailed, whether they are *"reigious, charitable or literary"* in their character. A different construction would, under the evidence in these cases, permit the "Harmony Society," which is a literary institution in some respects, but clearly a "club" in the guise of that terms as used in the city charter, to escape without paying the license, whilst the "Kentucky Club" would be required to pay the amount asked.

The general council has no power to make such a distinction.

All clubs, whether social, charitable, literary or *religious,* at the place of which malt, fermented, vinous or spiritous liquors are sold by retail, stand alike under the charter, and they must all be required to pay the same license.

The ordinance in question not being authorized by the city charter is void, and the prosecutions under it against the appellants should have been dismissed.

Wherefore the judgments appealed from are reversed and the causes remanded with instructions to dismiss the warrants.

*Reid, Pertle & Caruth, for appellants.*

*Hagan, for appellee.*